**UNITED STATES STEEL CORPORA-TION, Appellant,**

v.

**UNITED STATES of America et al.**

**No. 74–2183.**

United States Court of Appeals, Third Circuit.

Argued April 29, 1975.

Decided June 16, 1975.

360

Leonard L. Scheinholtz, Robert W. Hartland, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

William A. Carey, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Charles L. Reischel, Lutz Alexander Prager, Charles Hodge, Attys., Equal Employment Opportunity Commission, Washington, D. C., for appellees.

Before VAN DUSEN, ADAMS and GARTH, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge:

This appeal presents two principal questions. First, is the award of an attorney's fee authorized against the Equal Employment Opportunity Commission (EEOC) in a proceeding under Title VII of the Civil Rights Act of 1964?[1] Second, assuming that such award is permitted, what is the standard for imposing or denying the award?

On January 30, 1970, Mr. Alvin Bowens, an employee of United States Steel Corp. at the Fairless Works in Morrisville, Pennsylvania, filed a charge with the EEOC alleging racial discrimination in employment. Exercising the investigative procedures available to it under the Civil Rights Act,[2] the district office of the EEOC issued, on November 26, 1971, a demand for access to evidence under the control of U.S. Steel. The ten items listed encompassed a broad range of information relating to the Fairless Works plant.

Pursuant to the procedure prescribed by the Act, U.S. Steel moved in the district court to set aside the EEOC demand.[3] Upon cross-motions for summary judgment, the district court refused to order access regarding eight of the items sought by the EEOC and ordered access to only two items, one after modification. The order of the district court was affirmed on appeal.[4]

Thereafter, on November 30, 1973, U.S. Steel renewed a petition it had filed earlier in the district court for costs and an attorney's fee. The district court, on September 16, 1974, awarded costs to U.S. Steel but denied the attorney's fee.[5] This appeal by U.S. Steel followed.

■■ Under the "American rule," an attorney's fee may not ordinarily be recovered by a prevailing party as a part of its costs.[6] Limited deviations from the "American rule" have been sanctioned, both by statutory authorization of fee-shifting and by the judicial exercise of traditional equitable powers. However, where the issue is the imposition of an attorney's fee against the government, a congressional enactment prohibits any such fee as a part of costs, unless specifically authorized by statute.[7]

A statutory provision relating to the discretionary award of counsel fees exists in Section 706(k) of Title VII, Civil Rights Act of 1964. It provides:

> In any action or proceeding under this Title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.[8]

U.S. Steel contends that Section 706(k) authorizes, as part of the costs, the grant of an attorney's fee against the EEOC in a proper case. Furthermore, U.S. Steel claims that the district court's denial of an attorney's fee in this case should be reversed because the district court based

---

1. 42 U.S.C. § 2000e et seq. (1974).

2. 42 U.S.C. § 2000e–8(a).

3. Under § 710(c), Title VII of the Civil Rights Act of 1964, Pub.L. 88–352, 78 Stat. 264, July 2, 1964, a party confronted with a Commission demand for access to documents was able to petition the district court to set aside the demand. The Commission could petition the district court for a compliance order under § 710(b).

   Since the 1972 amendments to the Civil Rights Act, the procedures utilized in this case are no longer followed. Instead, the manner in which the EEOC conducts its investigations is governed by § 11 of the NLRA, 29 U.S.C. § 161. Equal Employment Opportunity Act of 1972, Pub.L. 92–261, 86 Stat. 103, March 24, 1972, 42 U.S.C. § 2000e–9 (1974).

4. 487 F.2d 1396 (3d Cir. 1973).

5. 385 F.Supp. 346 (W.D.Pa.1974).

6. *See* Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

7. 28 U.S.C. § 2412 (Supp.1974).

8. 42 U.S.C. § 2000e–5(k).

its decision on an incorrect standard for the award of an attorney's fee.

The EEOC erects a twofold defense against the imposition of an attorney's fee. First, the EEOC takes the position that a proper statutory analysis, based on the legislative history, would conclude that Congress did not intend to permit an award of an attorney's fee against the EEOC in favor of a private defendant. Further, the EEOC contends, even if the power to make such an award exists, the district court nevertheless did not abuse its discretion here in declining to compel an attorney fee payment.

Only one circuit has squarely addressed the question of statutory authorization for the award of an attorney's fee against the EEOC when it brings an unsuccessful action. The Ninth Circuit considered the matter in Van Hoomissen v. Xerox Corp.[9] There, the court began its analysis of Section 706(k) by remarking, "Unless the meaning of 'costs' changes during the eleven words which separate its two usages, it is clear that attorney's fees can be assessed against the Commission."[10] Since the EEOC in Van Hoomissen maintained that two different meanings were, in fact, intended by Congress, the court examined the legislative history of Section 706(k) with some care. The court in Van Hoomissen acknowledged that the legislative history of the Act appeared to lend some support to the EEOC interpretation. However, the Court noted that the Congress did not evince a specific intent to exclude an attorney's fee from costs awardable against the government. In any event, the Ninth Circuit found that the statute itself was not ambiguous. Thus, relying on the plain meaning of

the language, the Van Hoomissen court concluded that Section 706(k) authorizes the award of an attorney's fee against the EEOC, within the discretion of the court.

The Sixth Circuit has adverted to the question of imposing counsel fees against the Commission in EEOC v. MacMillan Bloedel Containers, Inc.[11] Dictum in that case presumes the availability of an award of an attorney's fee against the Commission, to discourage "groundless actions."[12]

The district court in the case at hand reviewed the congressional remarks accompanying passage of Section 706(k), and a variety of proposed amendments thereto. Its study serves to reinforce the conclusion of Van Hoomissen that the legislative history is inconclusive.

■ Since we are not persuaded that Congress intended discrepant definitions of "costs" to operate within Section 706(k), we are bound to read Section 706(k) consonant with the generally accepted canon of statutory construction that the plain language of a statute controls its interpretation by the courts.[13] We conclude that, accepting the straightforward meaning of Section 706(k), a court may award an attorney's fee to a private party that prevails against the EEOC in a proceeding.[14] So interpreted, Section 706(k) would tolerate an award against the EEOC, but prohibit such awards in favor of the EEOC. While we recognize the asymmetry of this result, we believe it to be dictated by the statutory language.

The issue next confronting us thus becomes whether the district court in this case abused its discretion in not award-

---

**9.** 503 F.2d 1131 (9th Cir. 1974).

**10.** *Id.* at 1132.

**11.** 503 F.2d 1086 (6th Cir. 1974).

**12.** *Id.* at 1096.

**13.** Frankfurter, Reading of Statutes, 47 Col.L. Rev. 527 (1947); Radin, Statutory Interpretation, 43 Harv.L.Rev. 863 (1930).

**14.** Section 706(k) therefore constitutes a specific statutory provision for the award of an attorney's fee, otherwise exempted from costs allowable against the government. 28 U.S.C. § 2412 (Supp.1975).

ing an attorney's fee to U.S. Steel after that company succeeded in setting aside the greater portion of the EEOC demand for access to documents.[15] The statute explicitly commits the award of an attorney's fee to the discretion of the court. The district court was convinced "that the [EEOC's] demand for access was a bona fide effort to seek information and, while substantial controversy surrounded the scope of the information sought, there is nothing to indicate that the demand for access was brought to harass, embarrass or abuse either the petitioner or the enforcement process, nor can we say [the EEOC's] action was unfounded, meritless, frivolous or vexatiously brought."[16] U.S. Steel asserts that this conclusion is based upon an improper standard for the exercise of judicial discretion.

◼ Traditionally, where a fee-shifting determination is committed by statute to a court's discretion, equitable considerations govern.[17] A court's judgment may be guided by a number of elements, including the public interest in encouraging particular suits, the conduct of the parties and economic considerations.[18]

Certain patterns for the award of an attorney's fee have emerged in Title VII actions. A number of circuits have adopted a general practice of allowing an attorney's fee to prevailing private plaintiffs in discrimination cases brought to vindicate rights under Title VII.[19] These courts have adopted the "private attorney general" theory endorsed by the Supreme Court in Newman v. Piggie Park Enterprises, Inc.,[20] reasoning that a successful plaintiff obtains not only his or her private rights, but helps accomplish the desired public objective of eradiating discrimination. When Title VII actions have been brought against it, the federal government has not been treated on a different footing from other defendants. Where discrimination by the government has been established, an attorney's fee has been assessed.[21] In fact,

---

**15.** No argument has been made that the district court action respecting the demand for access to documents is not a *proceeding,* or that U.S. Steel is not a *prevailing* party, as those terms are used in Section 706(k).

**16.** 385 F.Supp. 346, 349 (W.D.Pa.1974).

**17.** *See* Newman v. Piggie Park, Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (granting attorney fees under 42 U.S.C. § 2000a–3(b), in an injunctive suit under Title II of the Civil Rights Act of 1964). The Court, espousing the "private attorney general" theory respecting attorney fees for prevailing plaintiffs, stated that Congress adopted the counsel fee provision "not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief . . . ." *Id.* at 402, 88 S.Ct. at 966.

The Court held that, under Title II, a victorious plaintiff should "ordinarily recover an attorney's fee." *Id.* The statutory language permitting discretionary attorney fees under Title II and Title VII are substantially identical. *Compare* 42 U.S.C. § 2000a–3(b), § 2000e–5(k).

In the absence of statutory authority, the Supreme Court has been reluctant to impose an attorney's fee on parties. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). *But see,* Mills v. Electric Auto-Lite Co., 396 U.S. 375, 391–96, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).

**18.** Some statutes provide for a mandatory counsel fee award (*see, e. g.,* 15 U.S.C. § 15 (antitrust)), or otherwise provide legislative direction for the courts (*see, e. g.,* 35 U.S.C. § 285 (patents; award in exceptional cases permitted)).

**19.** Evans v. Sheraton Park Hotel, 164 U.S.App. D.C. 86, 503 F.2d 177 (1974); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); Schaeffer v. San Diego Yellow Cabs, Inc., 462 F.2d 1002 (9th Cir. 1972); Lea v. Cone Mills Corp., 438 F.2d 86 (4th Cir. 1971); Parham v. Southwestern Bell Tel. Co., 433 F.2d 421 (8th Cir. 1970). Paddison v. Fidelity Bank, 60 F.R.D. 695, 699 (E.D.Pa.1973). *See* Walker, Title VII: Complaint and Enforcement Proceedings and Relief and Remedies, 7 B.C.Ind. & Com.L.Rev. 495, 501–06 (1966).

**20.** *Supra* note 17.

**21.** Reynolds v. Wise, 375 F.Supp. 145 (N.D. Tex.1974); Smith v. Kleindeinst, 8 FEP 753 (D.D.C.1974). The 1972 Equal Employment Opportunity Act enlarged the scope of the 1964 Act to include inter alia, much of the federal government. 42 U.S.C. § 2000e–16(a) (1974). *See* Sperling v. United States, 515 F.2d 465 (3d Cir. filed April 18, 1975, amended May 2, 1975), p. 484.

this result would appear to be indicated by the statutory language of Section 706(k): ". . . and the Commission and the United States shall be liable for costs the same as a private person."

A prevailing defendant seeking an attorney's fee does not appear before the court cloaked in a mantle of public interest. In contrast to the advantage to the public that inheres in a successful attack against discriminatory practices, as in *Piggie Park,* one cannot say as a general rule that substantial public policies are furthered by a successful defense against a charge of discrimination. Instead, a defendant seeking a counsel fee under Section 706(k) must rely on different equitable considerations. A factor frequently considered in awarding an attorney's fee is the proper conduct of a plaintiff.[22] The standard of improper conduct, it would seem, would apply against the EEOC much as it would against a private party. Where a court finds that a proceeding was maintained in bad faith, imposition of a counsel fee against a government plaintiff may be appropriate.

When it granted attorney fees against the EEOC in *Van Hoomissen,* the Ninth Circuit remarked, "The court in allowing attorney's fees was mindful that the appeal by EEOC was vexatious and prosecuted on highly questionable grounds."[23]

Here the district court concluded that the Commission undertook "a bona fide effort to seek information." The indicia associated with the grant of an attorney's fee—vexatiousness, bad faith, abusive conduct, or an attempt to harass or embarrass—were absent. We do not find the district court's formulation of the standard to be erroneous.[24] Rather, its decision not to award counsel fees is indicated by its findings.[25]

[8] Employing traditional notions of equity regarding the grant of a counsel fee, the district court determined that U.S. Steel did not demonstrate its entitlement to such fees. No persuasive reason appears to justify a departure from the usual equities governing counsel fee awards. Indeed, Alyeska Pipeline Service Co. v. Wilderness Society[26] provides a trenchant statement that the Supreme Court is not inclined at the present time to enlarge the traditional scope of attorney fee awards. Nor do we perceive, at least in the context here, any reason that a relaxation in counsel fee grants to defendants would serve policy goals. A routine allowance of attorney fees to successful defendants in discrimination suits might effectively discourage suits in all but the clearest

---

**22.** *See* Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969); Richardson v. Hotel Corp. of America, 332 F.Supp. 519 (E.D.La.), *aff'd* 468 F.2d 951 (5th Cir. 1971); *Paddison, supra* note 19.

In *Alyeska,* the Court particularly noted the possibility of awarding counsel fees "against a party who had acted in bad faith . . . ." 421 U.S. at 245, 95 S.Ct. at 1616. The district court in United States v. Jacksonville Terminal Co., 316 F.Supp. 567 (M.D.Fla.1970), *rev'd on other grounds,* 451 F.2d 418 (5th Cir. 1971), *cert. denied* 406 U.S. 906, 92 S.Ct. 1607, 31 L.Ed.2d 815 (1972), purported to use a broader test, but we do not find its reasoning persuasive in light of later cases.

**23.** 503 F.2d 1131 (9th Cir. 1974). The quoted passage is in the court's unpublished order denying rehearing en banc, filed Nov. 6, 1974.

**24.** U.S. Steel observes that, unlike a private litigant, the government's resources are very great, and sustained by the taxing power. Thus, U.S. Steel suggests, attorney fees may be levied against the unsuccessful government plaintiff more easily than against a private party. While ability to pay may enter into a court's decision whether to award counsel fees, it would not appear to be a sufficient ground, standing alone, on which to base such an award.

**25.** The suggestion was made by U.S. Steel that since the individual complainant's claim had been resolved prior to institution of the litigation involved here, pursuit of the charge by the Commission was, in effect, harassing. The Commission disagrees that the claim was resolved in a satisfactory manner. We do not find that the evidence requires reversal of the district court on this basis.

**26.** *Supra* note 6.

cases, and inhibit earnest advocacy on undecided issues.

We therefore conclude that Section 706(k) authorizes a grant of attorney fees against the EEOC as part of costs in a proper case. We are unable to conclude that the district court abused its discretion in deciding not to award an attorney's fee in this case to U.S. Steel. An order therefore will be entered affirming the judgment of the district court.