556 F.2d 222
 14 Fair Empl.Prac.Cas. 1821, 14 Empl. Prac.
Dec. P 7596
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant in No. 76-2321,
v.
CHILDREN'S HOSPITAL OF PITTSBURGH, Appellant in No. 76-2322.
 Nos. 76-2321, 76-2322.
 United States Court of Appeals,
Third Circuit.
 Submitted on Briefs May 3, 1977.
Decided May 19, 1977.
 
 Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, Gary T. Brown, Atty., E. E. O. C., Washington, D. C., for Equal Employment Opportunity Commission.
 Edward N. Stoner, II, Peter D. Post, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Children's Hospital of Pittsburgh.
 Before GIBBONS and HUNTER, Circuit Judges, and LAYTON,* District Judge.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Children's Hospital of Pittsburgh (the "Hospital") appeals from an order granting class injunction relief and money damages to an individual victim of alleged sex discrimination in the denial of sick leave for pregnancy-related disabilities. The Equal Employment Opportunity Commission (the "EEOC") appeals from the portion of that order denying monetary relief to the class. The suit by the EEOC charges that the Hospital's policy of prohibiting female employees to use their accumulated sick leave for pregnancy-related disabilities violates Title VII of the Civil Rights Act of 1964, as amended,42 U.S.C. § 2000e et seq. The district court agreed. However, after the EEOC filed its initial appellate brief the Supreme Court decided General Electric Company v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), holding that the exclusion of pregnancy-related disabilities from a disability plan does not violate Title VII. That decision is controlling. It requires the reversal of the district court's judgment granting class injunctive relief and money damages to the charging party, and the affirmance of the denial of monetary relief to the class.
 
 
 2
 After the decision in Gilbert and before the Hospital's brief was due, its attorney called the case to the EEOC's attention and urged that the appeal be disposed of by a mutual agreement which would dissolve the injunction and terminate all damage claims. The EEOC elected to go forward with the appeal, necessitating the expenditure of additional time and effort on the part of the Hospital's attorney. In a reply brief the EEOC attempts to distinguish Gilbert ; a distinction we find unpersuasive. The Hospital urges that, in light of Gilbert, the EEOC's refusal to discontinue this appeal was vexatious, and accordingly seeks an award of attorney's fees for time and effort expended since the Gilbert decision was announced.
 
 
 3
 In United States Steel Corporation v. United States, 519 F.2d 359 (3d Cir. 1975), we held that attorney's fees could be awarded against the EEOC under § 706(k) of Title VII,[1] at least in cases where a proceeding was maintained in bad faith. We cited with approval the holding of the Ninth Circuit in Van Hoomissen v. Xerox Corp., 503 F.2d 1131 (9th Cir. 1974), approving such awards in cases of vexatious appeals. But although we have found the EEOC's effort to distinguish Gilbert to be unpersuasive, we cannot say that the effort was made vexatiously or in bad faith. Certainly there are factual differences between the benefit plan considered in Gilbert and that of the Hospital. In pointing out those differences the EEOC did no more than might be expected of a conscientious litigant charged with the duty of advancing the policies of Title VII. Thus we will deny the Hospital's fee application.
 
 
 4
 The judgment of the district court will be reversed insofar as it awards class injunctive relief and damages to the charging party, and affirmed insofar as it denies monetary relief to the class of female employees. Costs taxed in favor of Children's Hospital of Pittsburgh.
 
 
 
 *
 Caleb R. Layton, 3rd, United States District Judge for the District of Delaware, sitting by designation
 
 
 [1]
 42 U.S.C. § 2000e-5(k)