**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**BENDIX CORPORATION, Mila Local Lodge No. 690, International Association of Machinists and Aerospace Workers, AFL–CIO, Defendants,**

Nancy M. Wylie, Plaintiff-Intervenor.

No. 75–32-Orlando-Civ.

United States District Court,
M. D. Florida,
Orlando Division.

June 16, 1977.

Beverly G. Agee, Atlanta, Ga., for plaintiff.

J. R. Goldthwaite, Jr., Adair, Goldthwaite, Stanford & Daniel, P. A., Atlanta, Ga., for defendants.

## ORDER

GEORGE C. YOUNG, Chief Judge.

The instant action was initiated by the Equal Employment Opportunity Commission (EEOC) against Bendix Corporation for alleged sex discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The International Association of Machinists and Aerospace Workers and its MILA Lodge No. 690 (unions) were joined as defendants under Rule 19(a), Federal Rules of Civil Procedure, but were not charged with Title VII violations. This Court on December 10, 1975 granted the unions' motion for summary judgment, finding the action presented no case or controversy as to these defendants. The unions have filed the instant petition seeking an award of attorney's fees from the EEOC as a "prevailing party" under Section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k).

The original charging party in this action, plaintiff-intervenor, Nancy Wylie, filed charges with the EEOC against Bendix for alleged discrimination on the basis of her sex in job assignments and in job performance rating, which allegedly led to her being terminated by the defendant. After investigation and a determination of probable cause, and after attempts at conciliation failed, the EEOC in February, 1975 brought suit against Bendix for alleged unlawful employment practices.

The unions, although joined as parties-defendant, were not charged with any Title VII violations. Rather, the basis for their joinder was the contention by the EEOC that the maternity leave provisions in the collective bargaining agreement between Bendix and the unions were, or could be, among the alleged discriminatory practices, and therefore joinder was proper to permit the unions to defend their stake in such provisions, and to enable the Court to handle in one forum, and at one time, any revisions of the maternity leave provisions which might be required to comply with EEOC guidelines.

The unions strenuously objected to their joinder in the action, contending that the complaint alleged no unfair or discriminatory practices on the part of the unions; that during the time period of the charges, no employees even sought maternity leave, nor did the charging party (who was not a member of the employee unit represented by the unions) complain of discriminatory pregnancy leave policies. Moreover, the unions argued that the maternity leave provisions in the collective bargaining agreement had been amended prior to the time period alleged in the suit so as to comply with Title VII requirements. Finally, the unions objected on the ground that their participation in the litigation would unnecessarily cause them to incur substantial attorney's fees without any basis for doing so.

On March 16, 1975, the unions moved for summary judgment, or in the alternative, for a protective order permitting them to withdraw from active participation in the litigation until after the Court made a determination that Bendix had violated Title VII and that the maternity leave provisions were unlawful. The EEOC opposed the motions, partially on the ground that the unions would not suffer from continued participation in the action, as the Court could award them attorney's fees at the termination of the entire proceeding if they prevailed. The Court denied the unions' motions to allow the EEOC an opportunity to develop its claims through further discovery.

On November 26, 1975, the unions again moved for summary judgment, which motion was granted by the Court because the complaint and subsequent discovery had failed to uncover any "case or controversy" against the unions. The Court found that the only charge by the EEOC involving the unions was that one possible construction of the contract between the union and Bendix

relating to maternity leave "could lead" to a possibly discriminatory result. But, as no one was alleged to have ever requested maternity leave, and further as the provisions do not require a discriminatory application, the Court determined that any ruling concerning those provisions would be no more than an advisory opinion.

Having been successful on the motion for summary judgment, the unions filed the instant petition seeking an award of attorney's fees from the EEOC as a "prevailing party" under § 706(k) of Title VII, which provides:

> "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

The Court is thus presented with the question of whether an attorney's fee should be awarded to the prevailing defendants under the circumstances of this case, and if so, what reasonable fee should be allowed.

■ A threshold issue arises concerning whether attorney's fees may properly be awarded against the Commission. Although the EEOC is unwilling to concede this issue but rather simply represents that it does not object to any award on this ground, the Court is convinced that there is no basis for concluding otherwise and that the issue deserves little attention by the Court. Those Courts of Appeals which have faced the issue, have resolved it against the Commission in each instance. *See, EEOC v. Christiansburg,* 550 F.2d 949 (4th Cir. 1977); *United States Steel Corporation v. United States,* 519 F.2d 359 (3d Cir. 1975); *Van Hoomissen v. Xerox Corporation,* 503 F.2d 1131 (9th Cir. 1974). This Court is in accord with the opinions expressed by those courts and finds that an award may be entered against the government in appropriate cases.

■ The EEOC next contends that even though an attorney's fee award may be allowed a prevailing defendant against the government, such an award should be made only where the Commission is shown to have acted in bad faith, or in a vexatious or oppressive manner in bringing the suit, relying on recent decisions from the Fourth and Third Circuits which establish "bad faith" as the standard in such circumstances. *EEOC v. Christiansburg Garment,* 550 F.2d at 951 (4th Cir. 1977); *United States Steel Corporation v. United States,* 519 F.2d 359 (3d Cir. 1975).

In exercising discretion under the terms of § 706(k), the EEOC argues, the Court should not treat prevailing plaintiffs in the same manner as prevailing defendants. This is so, the Commission contends, because although attorney's fees should generally be freely awarded to prevailing plaintiffs where the plaintiff acts as a "private attorney general", because this will "further the Congressional goal of eliminating discriminatory practices in employment", such a policy rationale does not exist in the case where the employer is the successful party in a suit by the EEOC. *EEOC v. Christiansburg Garment, supra,* 550 F.2d 949. This double standard for determining attorney's fee awards was recognized by the Fourth Circuit in *EEOC v. Christiansburg Garment, supra,* 550 F.2d at 951:

> "A prevailing defendant seeking an attorney's fee does not appear before the court cloaked in a mantle of public interest. In contrast to the advantage to the public that inheres in a successful attack against discriminatory practices, . . . one cannot say as a general rule that substantial public policies are furthered by a successful defense against a charge of discrimination. Instead, a defendant seeking a counsel fee under Section 706(k) must rely on a different equitable considerations." *quoting, United States Steel Corporation v. United States,* 519 F.2d at 364.

A different result will seriously undermine the public policy of attacking the evils of employment discrimination, the Commission argues, as the EEOC might be deterred from pursuing novel cases involving unsettled issues if attorney's fees were perfunc-

torily awarded to prevailing defendants. Thus, such awards should be made only where the Commission has been shown to have acted in bad faith or for improper motive or for harassment in initiating or continuing an action.

The EEOC contends that its joinder of the defendant unions in this action was done in good faith and for justifiable cause so as to put before the Court all parties who might be affected by any decree subsequently entered by the Court upon a finding of discriminatory employment practices by the employer. *Cf. EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974). The EEOC argues that one issue raised by the action involved the maternity leave provisions contained in the collective bargaining agreement between the union and the employer, and therefore the participation of the unions was necessary for formulation of a proper remedy if discriminatory practices were found to exist.

Defendant unions contend that the applicable standard for an award of attorney's fees to a prevailing defendant does not require "bad faith" by the EEOC, but rather focuses on the reasonableness of the Commission's action, or whether the action was groundless and defendants rely on decisions from other courts which have adopted this position as the controlling standard. *See Van Hoomissen v. Xerox Corporation,* 503 F.2d 1131 (9th Cir. 1974); *EEOC v. Western Electric Company,* 10 FEP Cases 1275 (D.Md.1975); *EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974). Defendants contend that the EEOC action against the unions in this case was indeed groundless and unreasonable.

While the Court recognizes that there are appellate court decisions outside the Fifth Circuit and therefore not binding on this Court which adopt the bad faith rationale advanced by plaintiff in determining the attorney's fee question under similar circumstances as are present in the instant action, the Court is of the opinion that if the intent of Congress had been to establish such a standard it could have done so when passing the statute. Congress, however, did not do so, but rather only stated that the Court may, in its discretion, award attorneys' fees to the prevailing party as part of the costs of the action. The Court questions therefore any establishment of a double standard in the application of the Court's discretion as to prevailing plaintiffs vis a vis prevailing defendants.

Such a position, the Court believes, is compelled by the opinion of the Supreme Court in the recent decision in *Alyeska Pipeline Service v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), wherein the Court discussed the power of Congress to establish the requirements for the award of attorney's fees in particular cases, noting that different statutes permitted such awards under a variety of circumstances, such as limiting awards to plaintiffs only, or permitting awards to "prevailing parties" and so forth. *Id.* at 261–62 & nn. 34–35, 95 S.Ct. at 1623–24, 44 L.Ed.2d at 155–56 & nn. 34–35. As the Court aptly stated:

"It is apparent that the circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine." 421 U.S. at 262, 95 S.Ct. at 1624, 44 L.Ed.2d at 156.

It is apparent to this Court, therefore, that had Congress so desired, it could have established the double standard in determining an award of attorney's fees under § 706(k). As it did not do so, the Court is of the opinion that such an analysis is not required.

■ Nevertheless, even assuming, without deciding, that the plaintiff's position is correct as to the proper standard to be applied for the exercise of judicial discretion under § 706(k), and that therefore there must be a finding that the action was brought in an unreasonable fashion without grounds, or in bad faith, the Court is further of the opinion that the action against the unions herein was totally groundless, and frivolous at the time it was instituted against the unions, and further that it was prosecuted with utter disregard for the

80

rights of the unions to avoid the unnecessary expense of defending itself against a meritless action.

The Court permitted the continuation of the action as to the unions partly on the representation of the EEOC that continued participation by the unions would not prejudice or otherwise cause any damage to the defendants because if the unions ultimately prevailed, they would be entitled to attorney's fees. *See*, Plaintiff's Memorandum in Opposition to Defendant Unions' Motions to Dismiss the Complaint or For Summary Judgment, or For Protective Order and For Attorney Fees and Expenses of Defense, filed March 26, 1975.

Now, after the unions have prevailed on summary judgment, (which was not appealed by the plaintiff EEOC) the Commission takes the position that attorney's fees should not be awarded in this case. The Court, however, disagrees and finds that, even under the more stringent standard urged by the Commission, the requisite indicia associated with the grant of an attorney's fee are present, and therefore the Court will award a reasonable fee in this case.

■ The Court would point out that such an award is made as a matter of the Court's discretion, and therefore the Court believes that under the terms of § 706(k) such an award would not be made in every case, but rather each case must be determined on its own merits. For example, in the situation where, even though a defendant ultimately prevails, the EEOC's action is clearly a meritorious one, it would appear that an award of attorney's fees to the prevailing defendant would not be appropriate. There would, therefore, be many instances in which a fee would not be allowed against the Commission.

In this case, however, it appears to the Court that the facts and circumstances are such as to justify an award against the government. Accordingly the defendants' motion for attorney's fees is hereby granted.

■ Having thus determined that an award of attorney's fees should be allowed the defendant unions, the Court must now decide what a reasonable fee should be. Such a determination is governed by the tests enunciated by the Fifth Circuit in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Although the defendants have submitted in support of their motion various affidavits concerning factors which bear on an award of a reasonable fee by the Court, the Court is of the opinion that the *Johnson* decision, *supra*, requires not only that the Court state that its determination of a fee is based on the enumerated factors, but rather that all the facts which establish the presence of such factors must be made a matter of record from which the Court can conclude what is a reasonable fee.

The Court therefore will request that counsel for the defendants submit additional affidavits and supporting materials to the Court concerning the information sought by the criteria set forth in the *Johnson* case, from which the Court may then determine without further hearing what constitutes a reasonable fee under the circumstances of this case by applying the enumerated guidelines established in *Johnson.* 488 F.2d 714, 717–19.

The Court, however, would point out to the parties the imminently practical suggestion offered by the Court of Appeals in the *Johnson* case, that as a determination by the Court as to attorney's fees will:

"... in all probability ... be satisfactory to no one ..., [I]n cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees. Although a settlement generally leaves every litigant partially dissatisfied, so does a judicial award for attorney's fees." 488 F.2d at 720.

Although fully prepared to make the necessary determination based upon the materials to be submitted by the defendants, the Court would hope that the parties can arrive at a mutually satisfactory award and avoid the necessity of further participation

by the Court in the matter. In the event a determination by the Court is necessary however, the defendants shall submit the requested additional information within twenty (20) days from date of this order. This written order confirms the rulings made from the bench at the hearing on May 25, 1977.