**Sandra WETZEL and Mari Ross, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Defendant-Appellant.**

**No. 76–2240.**

United States Court of Appeals, Third Circuit.

Argued June 7, 1977.

Decided July 1, 1977.

---

Howard A. Specter, Michael D. Buchwach, Litman, Litman, Harris & Specter, P. A., Robert F. Stone, Fine, Perlow & Stone, Pittsburgh, Pa., for plaintiffs-appellees.

Kalvin M. Grove, Jeffrey S. Goldman, Ronald S. Sheldon, Lederer, Fox & Grove, Chicago, Ill., Robert A. Penney, Boston, Mass., Clem R. Kyle, Pittsburgh, Pa., for Liberty Mutual Ins. Co.

Before WEIS, Circuit Judge, CLARK,[*] Associate Justice and GARTH, Circuit Judge.

## OPINION OF THE COURT

**PER CURIAM:**

On January 9, 1974, the United States District Court for the Western District of Pennsylvania entered partial summary judgment in favor of the plaintiffs on their claim that defendant's policy of denying disability income plan benefits to female employees violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* On certiorari, the Supreme Court concluded that even though a Fed.R.Civ.P. 54(b) certification had been granted, the order was not appealable since no relief had been granted, *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47

L.Ed.2d 435 (1976). The district court then afforded a hearing, and, on August 24, 1976, issued an injunction, enjoining defendant from using or implementing its protection benefits plan which treated "pregnancy related disabilities differently from other disabilities and which does not provide coverage or other benefits for pregnancy related disabilities." The defendant was also prohibited from avoiding the effect of the order by reducing coverage to male employees. Finally, the court ordered the defendant to submit a new income protection plan which would provide coverage for pregnancy related disabilities.

The defendant has appealed to this court under the provisions of 28 U.S.C. § 1292. We have jurisdiction to consider the matter.

After the appeal had been lodged in this court, the Supreme Court decided *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). We find that decision to be dispositive of the issues raised in the case *sub judice.*

The plaintiffs argue that in addition to a claim of discrimination based upon deprivation of benefits because of pregnancy there has been proof of disparate treatment in hiring and promotional policies. Accordingly, the income benefit plan, they contend, should not be viewed in isolation and the case should be remanded for further consideration in the light of *Gilbert.* We are unable to accept this position. The income protection plan is clearly severable from the hiring and promotion practices of the company. The district court's injunction itself demonstrates no difficulty in separating the disability plan from other issues in the litigation.

*General Electric Co. v. Gilbert, supra,* holds that a disability income plan excluding pregnancy benefits does not violate Title VII. The plan under consideration there is indistinguishable in any relevant provision from that offered by Liberty Mutual. Therefore, we conclude *Gilbert* requires

---

[*] The Honorable Tom C. Clark, Associate Justice, Supreme Court of the United States (Retired), sitting by designation, heard the oral argument and participated in the decision in this case but died before the opinion was written.

that we reverse and enter judgment for the defendant on the disability income benefits issue. *EEOC v. Children's Hospital of Pittsburgh,* 556 F.2d 222 (3d Cir. 1977). We do not consider any other phase of the case.

Accordingly, that portion of the partial summary judgment of January 29, 1974 pertaining to the disability income protection plan and the injunction and order of August 24, 1976 will be vacated. Judgment will be entered in favor of the defendant on the plaintiffs' claims that the defendant's income protection plan was in violation of Title VII. Costs taxed against appellees.