**Mamie CROKER et al.**

v.

**BOEING COMPANY (VERTOL DIVISION) et al.**

**Civ. A. No. 71–2168.**

United States District Court, E. D. Pennsylvania.

Nov. 17, 1977.

---

See also D.C., 437 F.Supp. 1138.

Jeffrey A. Less, John F. Smith, III, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for plaintiffs.

Robert M. Landis, Jerome A. Hoffman, Mari M. Gursky, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

On June 20, 1977, this Court entered judgment on the liability issues in this employment discrimination case. The Court ruled in favor of the defendant, The Boeing Company, and against the plaintiff class on all claims of liability to the class or any subclass under 42 U.S.C. §§ 2000e *et seq.* 1981 and 1985; however, the defendant was found liable under 42 U.S.C. § 2000e *et. seq.* to class members Ferrell and Dixon who were not individually named plaintiffs in the case. In addition, the Court ruled in favor of many of the individual employment discrimination claims of named plaintiffs Croker, Travis, Dockins and Davis. Now before the Court are both plaintiffs' and defendant's petitions for attorneys' fees and costs. At this time, the Court will decide only the issue of which parties are entitled to attorneys' fees and costs and leave for a later decision what amount the parties are entitled to recover as fees and costs.

The Court will first address the question of attorneys' fees. As judgment in some parts of the case was entered pursuant to 42 U.S.C. § 1981, as well as 42 U.S.C. § 2000e *et seq.*, the relevant attorney fees provisions, respectively, are 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k). Both of these statutes allow the courts, in their discretion, to award reasonable attorney fees to the *prevailing parties*. Given that no party in this case secured a clear victory,

the crucial issue at this time is who is the prevailing party.

■ Resolution of this issue requires the division of this case into its two component parts. First, it will be necessary to consider the cases of the individually named plaintiffs; then, the Court will direct its attention to the class action part of the case. Dividing the case in this manner permits the Court to recognize the principle that although a plaintiff in an employment discrimination case fails to establish its class action claims, it still may be entitled to recover attorneys' fees for the successful prosecution of its individual claims. *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263 (10th Cir. 1975); *Palmer v. Rogers,* 510 F.2d 223, 10 E.P.D. 10, 499 (D.D.C.1975). As the court recognized in *Palmer,* the fact that an individual plaintiff fails to prove its class-wide allegations of discrimination should not preclude that plaintiff, who is successful on its own claims and otherwise entitled to recover its attorneys' fees, from attorneys' fees; the opposite result would, in effect, penalize a plaintiff who, in good faith, brings a class action, a result which would be contrary to the policies of the attorneys' fees provisions of 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988.

■ Turning, then, to the cases of the individually named plaintiffs, this Court finds that plaintiffs Croker, Travis, Dockins and Davis are entitled to recover their attorneys' fees; plaintiff Debose is not entitled to attorneys' fees, but neither is the defendant to be awarded attorneys' fees for its defense against Mr. Debose's case. To reach these results the Court must address two questions—one is a question of law, and the other a question of discretion. As to the legal issue, in each of these individual cases the Court must determine who is the prevailing party. In Mr. Debose's case, the answer is clear; as Mr. Debose failed to establish any of his claims of employment discrimination, the Boeing Company is the prevailing party. The other individual plaintiffs' cases are not quite so easy. Although defendant Boeing was found liable to each of the other individually named

plaintiffs for at least one violation of each of these plaintiffs' rights against employment discrimination, these four plaintiffs did not prove every one of the claims of discrimination which they alleged in their complaints. However, this Court still finds that these four plaintiffs are the prevailing parties in their individual cases. In *Hyland v. Kenner Products Co.,* 13 E.P.D. 11, 427 (S.D.Ohio, 1976), the plaintiff, in a Title VII case, was awarded attorneys' fees even though it did not win on all of its claims. There the court said,

> If the plaintiff asserts in one action a number of things and if the defendant denies every one of the assertions—and that is important—and the plaintiff turns out winning on a substantial one of the assertions, the plaintiff is described as a prevailing or a winning party. *Id.* at p. 6432.

*See also Taylor v. Safeway Stores, Inc.,* 524 F.2d 263 (10th Cir. 1975); *Marr v. Rife,* 503 F.2d 735 (6th Cir. 1974); *Palmer v. Rogers,* 510 F.2d 223, 10 E.P.D. 10, 499 (D.D.C.1975). In order to be entitled to attorneys' fees as a prevailing party, a plaintiff need not win all of its claims; success on any of its substantial claims may entitle a plaintiff to be considered as the prevailing party. In this case, as this Court finds that each of these plaintiffs was successful on substantial claims of employment discrimination, they will be considered prevailing parties.

■ This brings the Court to the question of discretion. Both 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k) provide for the award of attorneys' fees in the court's discretion. While the award is left to the district court's discretion, both the Supreme Court and many of the Courts of Appeals have given the district courts some guidelines that are to be applied in deciding when to exercise that discretion. In spite of the conflict within the circuits, the Court of Appeals for the Third Circuit has instructed that the applicable criteria to be employed when rendering this discretionary decision depends on whether the prevailing party is a plaintiff or a defendant. A prevailing private plaintiff in a discrimination

suit is generally allowed attorney fees under the "private attorney general" theory endorsed by the Supreme Court in *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); the successful plaintiff, who is viewed as not only securing his or her own private rights but also as helping to accomplish the desired objective of eliminating discrimination, is awarded attorneys' fees in order to encourage such "private attorney general" suits which are deemed to be in the public interest. However, as the Court of Appeals found in *United States Steel Corp. v. United States*, 519 F.2d 359 (3d Cir. 1975),

> A prevailing defendant seeking an attorney's fee does not appear before the court cloaked in a mantle of public interest. In contrast to the advantage to the public that inheres in a successful attack against discriminatory practices, as in *Piggie Park*, one cannot say as a general rule that substantial public policies are furthered by a successful defense against a charge of discrimination. Instead, a defendant seeking a counsel fee . . . must rely on different equitable considerations. *Id.* at 364.

The Court of Appeals went on in *United States Steel Corporation* to outline those equitable considerations; those equitable considerations were whether vexatiousness, bad faith, abusive conduct or an attempt to harass or embarrass were involved with the plaintiff's case.

 Applying the directions of the Court of Appeals, this Court finds that the successful individually named plaintiffs should be awarded attorneys' fees. As stated above, the general policy in employment discrimination cases is to award prevailing plaintiffs attorneys' fees unless such an award would be unjust; this Court does not find that such an award to these plaintiffs will work an injustice since unless they reasonably could have anticipated such an award, these plaintiffs probably would not have been able to bring this suit. In addition, this Court knows of no reason why such an award would be unfair to the defendant. On the other hand, this Court finds that the criteria stated in *United*

*States Steel Corp. v. United States*, 519 F.2d 359 (3d Cir. 1975) and reiterated in *EEOC v. Children's Hospital of Pittsburg*, 556 F.2d 222˙ (3d Cir. 1977), require the conclusion that the defendant must be denied attorneys' fees even though it is the prevailing party in the case brought by Mr. Debose. The plaintiff's case was not vexatious, brought in bad faith, an attempt to harass or embarrass or an example of abusive conduct and therefore defendant is not entitled to an award of fees.

 This brings the Court to the issue of attorneys' fees in the class action part of the case. Again, the question of who is the prevailing party first must be addressed. Although the class established the claims of two of its class members who were not named plaintiffs, judgment was entered against the plaintiff class in regard to all of its class-wide and sub-class claims, in addition to the claims of various other class members. This Court finds that the prevailing party in the class action part of the case is the defendant Boeing Company, as the claims upon which the individual class members recovered were not substantial in light of the total case of the class, *Hyland v. Kenner Products Co.*, 13 E.P.D. 11, 427 (S.D.Ohio, 1976); clearly, defendant prevailed on the main issues in the class action. While two of the members of the class will be entitled to recover damages, this finding does not allow for a recovery by the class of attorneys' fees for either the representation of the class as a whole or for the representation necessary to make out the claims of these two individual class members. Unlike those individually named plaintiffs who are to be awarded attorneys' fees for their counsel's successful representation in their individual cases, these class members were represented by the class and their case was part of the class action. The policies which favor dividing the case between the individually named plaintiffs and the class do not lend to a further division within the class between those class members that were successful and those that were not. The original division was made so as not to discourage individual plaintiffs from bringing a

class action by conditioning an award of attorneys' fees on the successful prosecution of not only their individual claims, but also the claims of the class. A division within the class for the purpose of determining attorneys' fees would not serve this purpose; successful class members, who are not named plaintiffs do not initiate law suits and therefore do not have to make a choice, dependent upon the policy regarding attorneys' fees, as to whether or not to bring a class action. Thus, one must look at these class members' cases as part of the class action for the purposes of the attorneys' fees determination. Clearly, here the defendant prevailed on the main issues in the class suit and therefore is the prevailing party. However, even though the defendant is the prevailing party, this Court will not award it attorneys' fees as the equitable considerations necessary for a defendant's award, under *United States Steel Corporation v. United States*, 519 F.2d 359 (3d Cir. 1975), are absent.

Having decided that the only attorneys' fees to be awarded in this case are for the successful representation of plaintiffs Croker, Travis, Dockins and Davis, these plaintiffs will be required to submit to this Court their assessment of the amount of attorneys' fees that should be awarded. This Court reminds plaintiffs that they only will be able to recover attorneys' fees for the service expended on the individual claims, and not on the class action claims.

Finally, returning to the question of costs, Rule 54(d) of the Federal Rules of Civil Procedure is controlling. Rule 54(d) provides that

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs
> . . .

Here, the Court has determined that with the exception of the cases of plaintiffs Croker, Travis, Dockins and Davis, the Boeing Company is the prevailing party. As the policies against awarding attorneys' fees to defendants does not carry over to the costs' determination, *see United States Steel Corporation v. United States*, 519 F.2d 359 (3d Cir. 1975), the Boeing Company will be able to recover its costs for its defense in the class action part of the case and for its defense against the claims by Mr. Debose. Plaintiffs Croker, Travis, Dockins and Davis will be permitted, as prevailing parties, to recover their costs against defendant Boeing Company.