**P. MASTRIPPOLITO AND SONS, INC. and Smith, Bud, Appellees,**

v.

**JOSEPH, Myron L., Secretary of Labor and Industry Department of Labor and Industry Commonwealth of Pennsylvania and Rowe, Bradley, Administrator Seasonal Farm Labor Division and Williams, Stan, Inspector Seasonal Farm, Labor Division and Feliciano, Martin, Inspector Seasonal Farm, Labor Division and Meister, George W., Inspector, Seasonal Farm Labor Division.**

**Appeal of Bradley ROWE, Stan Williams, Martin Feliciano and George Meister.**

**No. 81–2008.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 16, 1982.

Decided Nov. 15, 1982.

---

Steger & Howell, Ltd., Eugene A. Steger, Jr., Kennett Square, Pa., for appellees.

Leroy S. Zimmerman, Atty. Gen., Mary Ellen Krober, Allen C. Warshaw, Deputy Attys. Gen., Chief, Civ. Litigation, Harrisburg, Pa., for appellants.

Before SEITZ, Chief Judge, ROSENN, Senior Circuit Judge, and GARTH, Circuit Judge.

## OPINION OF THE COURT
PER CURIAM.

In this appeal the Commonwealth of Pennsylvania ("Commonwealth") seeks a determination that the district court abused its discretion by not awarding to the Commonwealth, attorney's fees and costs incurred in defense of a section 1983 action instituted by appellee P. Mastrippolito and Sons, Inc. ("Mastrippolito"). We hold that failing to grant attorney's fees was not an abuse of discretion, whereas failure to grant costs was.

### I.

Mastrippolito's section 1983 action, filed August 10, 1979, alleged violations of rights of due process and equal protection by Commonwealth agents who entered Mastrippolito's business premises on several occasions for inspections pursuant to Pennsylvania's Seasonal Farm Labor Act, 43 P.S. 1301.101 *et seq.* Mastrippolito, a Chester County mushroom grower, maintained that it was not subject to the Seasonal Farm Labor Act and that it had requested and was owed a hearing as to whether it was covered.

On September 14, 1979 the Commonwealth filed a motion to dismiss Mastrippolito's federal complaint, arguing that the court lacked jurisdiction under 42 U.S.C. § 1983, that the Eleventh Amendment barred claims for damages against state officials, and that the complaint did not implicate a constitutionally protected property or liberty interest of the plaintiffs. The Commonwealth also argued that Mastrippolito had access to the Pennsylvania courts under 43 P.S. § 1301.601 for review of the Pennsylvania Department of Labor and Industry's determination that it was covered by the Act.

On April 16, 1980, Judge Newcomer, on Eleventh Amendment grounds, dismissed the action against defendant Secretary of Labor and Industry, but deferred ruling on

the rest of the Commonwealth's motion "pending further development of the record." Following the Commonwealth's answer to the complaint, and further discovery, the Commonwealth filed a declaratory action in Pennsylvania Commonwealth Court to determine whether Mastrippolito was covered by the Act, and on June 9, 1980 filed a motion to stay the federal action on *Pullman* grounds.[1] On August 29, 1980 the Commonwealth Court rejected Mastrippolito's contention that the housing provided for farm workers was not covered by the Act if it consisted of detached dwelling units inhabited by fewer than four unrelated persons, but found that the question of whether Mastrippolito's workers were "seasonal" within the meaning of the Act could not be resolved without trial.

In November of 1980 the Commonwealth moved for summary judgment as to the remaining defendants in the federal action, on the same grounds on which it had previously moved to dismiss. On January 27, 1981 the district court ordered Mastrippolito to answer the Commonwealth's interrogatories, which had been served on November 17, 1980. Mastrippolito did not answer. On March 4, 1981, Judge Newcomer granted the Commonwealth's motion for summary judgment, on the ground that Mastrippolito had failed to establish that it had been deprived of rights guaranteed by the Constitution and laws of the United States. This holding was based in part on certain facts set forth in the Commonwealth's affidavits, which facts were taken as not in dispute after Mastrippolito failed to respond to the Commonwealth's motion.

Subsequently, the Commonwealth filed a motion for attorney's fees and costs. Mastrippolito did respond to this motion. On April 28, 1981, Judge Newcomer denied the Commonwealth's motion on the ground that "[p]laintiff's [c]omplaint was not clearly frivolous, vexatious, or brought for harassment purposes." The Commonwealth appealed this April 28, 1981 order denying the Commonwealth both attorney's fees and costs.

## II.

The Commonwealth seeks attorney's fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, which provides in pertinent part:

> In any action or proceedings to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In *United States Steel Corp. v. United States,* 519 F.2d 359 (3d Cir.1975), this court held that the district court, which had denied the defendant a fee award, had not abused its discretion. The district court in denying attorney's fees had determined that the plaintiff's action was not "unfounded, meritless, frivolous, or vexatiously brought." 519 F.2d at 363. The proposition that attorney's fees should be denied to a prevailing defendant unless the plaintiff's complaint was unfounded, meritless, frivolous, or vexatiously brought, was approved by the Supreme Court in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (a title VII case involving application of 42 U.S.C. § 2000e–5(k)).

■ *Christiansburg* qualified those terms, however, by defining "meritless" as meaning "groundless or without foundation," and "vexatious" as "in no way impl[ying] that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." 434 U.S. at 421–22, 98 S.Ct. at 700. Thus, *Christiansburg* teaches that even if plaintiff's action is not brought in subjective bad faith, a prevailing defendant in a Title VII case is entitled to attorney's fees upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation. *A fortiori,* if the plaintiff is found to have brought his claim in *bad faith,* there is even a clearer basis for charging him with his opponent's attorney's fees.

---

1. *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (abstention when state rulings on difficult and unsettled questions of state law may obviate need to reach federal constitutional issues).

In *Hughes v. Repko,* 578 F.2d 483 (3d Cir.1978), this Circuit adopted, for awards of attorney's fees to prevailing defendants under section 1988, the Title VII standard enunciated by the Supreme Court in *Christiansburg Garment Co., supra.* Section 1988 places the decision, as to whether attorney's fees shall be awarded, within the discretion of the trial court. Accordingly, a determination by the district court that attorney's fees should not be awarded will be disturbed on appeal only if the court has abused its discretion in so deciding. *See Hughes v. Repko, supra,* at 486; *United States Steel Corp. v. United States,* 519 F.2d 359, 363 (3d Cir.1975).

In the present case, there is strong reason to be reluctant to disturb the district court's exercise of its discretion. The same judge who determined that the Commonwealth should not be awarded attorney's fees, had presided over all of the proceedings. For this reason, the district court judge was particularly well qualified to make the partially subjective findings necessary for award of attorney's fees. *See Christiansburg Garment, supra,* 434 U.S. at 421, 98 S.Ct. at 700 (finding of "subjective bad faith" in litigation sufficient, but not necessary condition for award of attorney's fees). Also, for this reason the district court judge was particularly qualified to perform the balancing of equities that is an integral part of the proceedings for award of attorney's fees. *See United States Steel Corp., supra* at 364 (no reason in Title VII cases to "depart[ ] from the usual equities governing counsel fee awards.")

Although the *Christiansburg* standard required a finding that a claim was "frivolous, unreasonable, or groundless," to entitle the Commonwealth to an award of attorney's fees, the Commonwealth in this case argued what on the surface appears to be a variant of that formulation. The Commonwealth argued that it was entitled to attorney's fees because Mastrippolito's complaint was "clearly frivolous, vexatious and brought for purposes of harassment." In so arguing, however, the Commonwealth in its Memorandum of Law to the district court,

and in its brief in this court, relied on and cited both this Circuit's *United States Steel* case, *supra* and *Christiansburg, supra.* Thus, although the terms of the two formulations differ, we do not construe either the Commonwealth's argument, or the district court's findings in terms of that argument, to vary from *Christiansburg's* teaching. Thus, we read the district court findings as addressing not only the merits of Mastrippolito's action, but the subjective intent with which it was brought.

We recognize that the district court judge entered summary judgment against Mastrippolito, grounding his decision on a determination of law. App. 232a. Yet, exactly this issue of law, namely, whether conduct by the Commonwealth violated cognizable constitutional rights of Mastrippolito, was presented to the district court judge by the Commonwealth's initial motion to dismiss. App. 86a. In its April 16, 1980 ruling on the motion to dismiss, the district court felt obliged to defer ruling on this issue of law as to the remaining defendants, pending a further development of the record. App. 86a. It was not until March 4, 1981 that the district court was satisfied that summary judgment should be granted as to the remaining defendants.

In the district court's opinion on that occasion, the fact that Mastrippolito had not responded to the motion, so that certain facts were found against it, was given prominence by the court. App. 231a–33a. For this reason, the district court judge appeared not to regard Mastrippolito's action as groundless, in that, had Mastrippolito responded by affidavit to the Commonwealth's motion, the district court might have ruled differently on the constitutional issues that Mastrippolito raised. Indeed this same district judge subsequently found that the action was not frivolous, thereby making it evident that he did not regard the resolution of the constitutional issue as obvious. Given the obscurity of the relevant facts even at this point, we cannot say that the district court's finding, that Mas-

trippolito's action was not "clearly frivolous," was clearly erroneous.

Moreover, the district court judge also found that Mastrippolito's complaint was not "vexatious or brought for harassment purposes." App. 409a. These findings, if construed as findings negating bad faith on the part of Mastrippolito, cannot be disturbed where, as here, the record does not contain sufficiently clear evidence of bad faith. It is true, as argued by the Commonwealth, that Mastrippolito did not prosecute its action with diligence. *See* Commonwealth's brief 9–10; App. 211a–18a, 220a–28a, 231a. It is also true that at various points Mastrippolito's legal briefs met the Commonwealth's contentions with little more than conclusory assertions, *see, e.g.,* App. 60a–61a, and Mastrippolito's response to the Commonwealth's interrogatories was unhelpful. *See* App. 219a, 279a–290a (omitting information crucial to determination of whether plaintiff was covered by Seasonal Farm Labor Act). Yet, without more, such actions do not necessarily demonstrate that Mastrippolito brought this action in bad faith. Indeed, the district court judge found that it had not. On this record, those findings cannot be deemed clearly erroneous.

If the decision whether attorney's fees should be awarded to the Commonwealth were within the discretion of this court in the first instance, it is possible that our decision might be different. Mastrippolito's action, and the desultory fashion in which it was prosecuted, might well qualify as the "burdensome litigation having no legal or factual basis" from which Congress intended to protect civil rights defendants. *Christiansburg Garment, supra,* 434 U.S. at 420, 98 S.Ct. at 699. Yet, the discretion to make this decision rests with the district court, and it is not for this court to disturb the district court's decision, in the absence of clear indications in the record that the district court's determination is incorrect. Such clear indications are not to be found in the present record. Given the district court's findings, that Mastrippolito's action was not clearly frivolous, vexatious, or brought for harassment purposes, we are satisfied that the district court "exercised its discretion squarely within the permissible bounds of [section 1988]." *Christiansburg Garment, supra,* at 424, 98 S.Ct. at 701. *See Hughes v. Repko, supra,* at 489.

### III.

■ The district court also denied the Commonwealth's motion for costs. App. 409a. In *Croker v. Boeing Co.,* 662 F.2d 975, 988 (3d Cir.1981) (en banc) we held that Title VII does not "carve[ ] out an exception to th[e] rule" that "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise." In *Samuel v. University of Pittsburgh,* 538 F.2d 991, 999 (3d Cir.1976) this court held that "[t]he law is clear that a district court may not deny costs to the prevailing party unless it supports that determination with an explanation." 538 F.2d at 999 (citing *ADM Corp. v. Speedmaster Packaging Corp.,* 525 F.2d 662, 664–65 (3d Cir.1975)).

The explanation given by the district court for not awarding costs was the same as that given for not awarding attorney's fees: that Mastrippolito's action was not clearly frivolous, vexatious, or intended to harass. App. 409. Yet such findings cannot support a determination not to award costs. *See Croker, supra,* at 998 ("we do not agree ... that costs may be awarded to a prevailing title VII defendant only under unusual circumstances.")

There is no question that the Commonwealth was the prevailing party in this action. Under *Croker,* and *Samuel,* in the absence of some explanation which can support the determination not to award costs, costs had to have been awarded to the Commonwealth. Mastrippolito did not question the bill of costs submitted by the Commonwealth. Those costs were alleged to have been incurred pursuant to various statutes, and Mastrippolito did not question those claims either.

Accordingly, insofar as attorney's fees are concerned, the district court's order will be affirmed. Insofar as costs are involved, the district court's order will be reversed. We will remand this case to the district court with the direction that an order be entered granting to the Commonwealth costs of $447.42.

Costs on this appeal will be taxed in favor of the Commonwealth and against Mastrippolito.