**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**COLGATE–PALMOLIVE COMPANY, Defendant.**

**No. 81 Civ. 8145 (RWS).**

United States District Court,
S.D. New York.

Sept. 16, 1985.

ORDER

SWEET, District Judge.

Pursuant to the jury verdicts and the opinion rendered in this action on June 26, 1985, the Equal Employment Opportunity Commission ("EEOC") received a partial judgment against the Colgate-Palmolive Company ("Colgate"). Before entering judgment, the parties have requested this court to determine which party is entitled to court costs pursuant to Fed.R.Civ.P. 54(d).

While Rule 54(d) allows costs to be received by the prevailing party as a matter of course, an issue is presented by the present case as to which party prevailed. Here, the EEOC brought an age discrimination action on behalf of ten individuals alleging forty-eight instances of discriminatory hiring practices and obtained verdicts in favor of two employees involving four of the forty-eight allegedly discriminatory acts. In addition, the EEOC obtained limited injunctive relief prohibiting Colgate from future violations of the Age Discrimination in Employment Act for a period of three years.

Where a plaintiff has brought an action based on several theories of recovery and prevails on only one theory, courts have found that the plaintiff was the prevailing party entitled to costs. *See United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978); *Berg v. Wall Street Traders, Inc.*, 46 F.R.D. 47 (S.D.N.Y.1968). On the other hand, where an action is based upon multiple individual claims or is brought by several plaintiffs, courts have recognized that it is inappropriate to award full costs when plaintiffs have prevailed on only a small portion of those claims. *See e.g., Croker v. Boeing Co.*, 444 F.Supp. 890, 895 (E.D.Pa. 1977), *remanded for determination concerning which plaintiffs would bear defendants' costs*, 662 F.2d 975, 998–99 (3d Cir.1981) (en banc).

Since Rule 54(d) allows a court to exercise its discretion in awarding costs, that discretion will be exercised to avoid a rigid, merely arithmetic determination. *See Simmons v. American Export Lines*, 26 F.R.D. 111 (S.D.N.Y.1960); 6 J. Moore, *Moore's Federal Practice*, ¶ 54.70[4] (2d ed. 1985). Given the fact that this was an action based on numerous discrete claims and that plaintiff prevailed on only a small number of those claims, the costs in this action should be allocated between the two parties. The EEOC brought this action on behalf of ten individual employees. Viewing the allegations brought on behalf of each employee as a discrete claim, the EEOC prevailed on two claims, Colgate prevailed on seven claims, and the jury was unable to return a verdict on one employee's claim. In addition, the EEOC obtained a very limited injunction against Colgate's future employment practices.

In light of these circumstances, EEOC will be allowed to recover one-third of its costs and Colgate will be allowed to recover two-thirds of its costs.

Submit judgment on notice.

IT IS SO ORDERED.