Kathleen ZICHY et al.

v.

CITY OF PHILADELPHIA.

Civ. A. No. 72–1810.

United States District Court,
E. D. Pennsylvania.

Aug. 1, 1979.

Susan Cary Nicholas, Alice M. Price, Philadelphia, for plaintiffs.

John M. McNally, Jr., First Deputy City Sol., Martin Weinberg, City Sol., Philadelphia, for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Before this Court for the third time, plaintiffs seek the same relief they sought in 1972, and were granted in 1975. *See Zichy v. City of Philadelphia*, 392 F.Supp. 338 (E.D.Pa.1975). They ask this Court to hold that defendant's pre-March 1975 maternity leave policy for its employees violat-

ed their rights and the rights of the class they represent.[1] After again reviewing the merits of their claim, the Court has decided to grant plaintiffs the relief requested as to their federal claims and reserve decision on the remaining state law issues.

As the Court found in its earlier opinion, prior to March 1975, defendant distinguished maternity leave from sick leave. Under its sick leave policy,

". . . a city employee continue[d]' to ' earn his or her normal salary and to accrue seniority, [did] not lose the privilege of taking promotional examinations for the time out, ha[d] the time out credited for service and . . . receive[d] the same raises as other employees in his or her classification who were not on sick leave. In addition, the employee continue[d] to accumulate sick leave while on leave, . . . suffer[ed] no adverse effect on promotions, . . . resume[d] the same position held prior to the commencement of such sick leave upon return, and . . . ha[d] no change in anniversary date of employment, pension plan, vacation time, and other fringe benefits as a result of using the sick leave." *Id.* at 340–41.

Maternity leave was without pay and only entitled the employee to retain the same position upon returning to the job, if the leave did not exceed six months. A woman who was absent from work because of a pregnancy that did not have complications was eligible solely for maternity leave.

"For such women, the consequences of having to take maternity leave rather than using sick leave [were] significant. Besides receiving no pay for the period of absence, the employee on maternity leave los[t] the benefits, mentioned above, which she enjoy[ed] in the use of sick leave. During maternity leave, the em-

---

1. The class certified in this action, pursuant to F.R.Civ.P. 23(b)(2), consists of ". . . all female persons currently and formerly employed by the City of Philadelphia from September 14, 1966, who, during the course of their employment, have been, are being, or will be caused to take non-paying maternity leave other than being permitted to use accumulated sick leave for temporary disabilities caused or contributed to by pregnancy, childbirth, and the recovery therefrom, and those female employees who were caused to resign and accept positions with loss of seniority and benefits upon returning to work after recovering from said disability."

ployee accumulate[d] neither seniority, sick leave, nor vacation time, her time required for annual increment and anniversary date [was] deferred for the period of the maternity leave, and the annual rate of pay for her pension purposes [was] lowered for that particular year by the period of leave." *Id.* at 341–42. Based upon these facts, this Court found that defendant's policy of denying the use of sick leave for pregnancy-related disabilities violated Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e *et. seq.*

The reason why the Court must decide plaintiffs' claim anew is explained by a brief review of the history of this case. During the pendency of the defendant's appeal from this Court's 1975 decision, the Supreme Court issued *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), its first major decision in the Title VII pregnancy benefits area. Based on that decision and its own ruling in *EEOC v. Children's Hospital of Pittsburgh,* 556 F.2d 222 (3d Cir. 1977), *cert. denied,* 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978), the Court of Appeals reversed this Court's decision and dismissed all of plaintiffs' Title VII claims. The case was remanded to this Court to allow plaintiffs to seek amendment of their complaint by adding a state law claim under the Pennsylvania Human Relations Act, 43 P.S. § 955. *Zichy v. City of Philadelphia,* 559 F.2d 1210 (3d Cir. 1977). This Court denied plaintiffs' motion to amend their complaint, declining to exercise pendent jurisdiction over the state claim. *Zichy v. City of Philadelphia,* 444 F.Supp. 344 (E.D.Pa.1977). Plaintiffs appealed that decision and.argued on appeal that the previous decision of the Court of Appeals was overly broad; they contended that *Gilbert* did not require dismissal of all Title VII claims. In December 1977, the Supreme Court had decided *Nashville Gas Co. v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), its second major case in the Title VII pregnancy benefits field, and based on that opinion, plaintiffs argued that with the exception of their complaint concerning lack of pay during maternity

leave, the Court of Appeals was required to reverse its prior decision and to reinstate this Court's decision. After considering plaintiffs' argument, the Court of Appeals, on January 5, 1979, reversed this- Court's denial of plaintiff's motion to amend to add a claim based on state law and remanded the case for reconsideration of plaintiffs' motion to amend and plaintiffs' Title VII claims in light of *Satty* and *Eberts v. Westinghouse Electric Corp.,* 581 F.2d 357 (3d Cir. 1978). *Zicky v. City of Philadelphia,* 590 F.2d 503 (3d Cir. 1979).

Returning to step one, this Court must now rule on plaintiffs' motion for summary judgment, which addresses the merits of their Title VII and state law claims. But before doing so, it is necessary to address the motion to amend the complaint.

### Motion to Amend the Complaint

It its earlier decision, this Court found that although Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the complaint shall be freely given when justice so requires, denial of plaintiffs' motion was necessary. Plaintiffs sought to add a claim under the Pennsylvania Human Relations Act, and since there was no independent basis for the Court's jurisdiction they asked it to invoke its pendent jurisdiction over the state law claim. The request was refused and the motion was denied because the Court did not believe that in its discretion pendent jurisdiction should be exercised.

When a federal court is asked to assume pendent jurisdiction over a state law claim, it must address two issues, one of power, the other of discretion. With regard to the question of power to hear a state law claim, *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), instructs that a court has the power to assume pendent jurisdiction when substantial federal issues exist and the plaintiff's claims, without regard to their federal or state character, "are such that he would ordinarily be expected to try them in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138. The question of discretion is one of

whether the policies of pendent jurisdiction would be served if the Court assumed jurisdiction over the state law claims. *Id. United Mine Workers v. Gibbs, supra.* Although doubting its power to entertain pendent jurisdiction, since all federal claims had been dismissed at that stage, this Court declined to exercise pendent jurisdiction for discretionary reasons. It found that the essence of plaintiffs' case was their claim under the Pennsylvania Human Relations Act and that, since the state law issue was unclear, it would be more appropriate for the state claim to be resolved by a Pennsylvania court.

■ But circumstances have changed rendering the exercise of pendent jurisdiction over the state law claim within the Court's power and appropriate. As explained below, the Court finds that plaintiffs are entitled to recover on their federal claims. Therefore, as substantial federal issues exist, the Court has the power to hear state law claims arising from the same facts and that would be expected to be tried together. *Id. United Mine Workers v. Gibbs, supra.* Discretion also directs accepting pendent jurisdiction. The objections voiced by this Court to its exercise no longer have a basis in fact. The state law claims do not constitute the body of the case. And the Pennsylvania Supreme Court has taken action which relieves most of the doubts the Court had as to state law.

The Pennsylvania Human Relations Act, 43 P.S. § 955, provides, in part, that it shall be an unlawful discriminatory practice

"(a) For any employer because of the [sex] . . . of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment . . ."

In 1973, the Pennsylvania Supreme Court found that when employers single out pregnant women because of a physical condition peculiar to their sex and place them in a class to their disadvantage, they commit "sex discrimination pure and simple," in violation of the Pennsylvania Human Relations Act. *Cerra v. E. Stroudsburg Area School District,* 450 Pa. 207, 213, 299 A.2d 277 (1973). Relying upon *Cerra,* the lower state courts, even after *General Electric Co. v. Gilbert, supra,* have interpreted the Pennsylvania Human Relations Act as rendering it unlawful for an employer to treat pregnancy differently than other long term disabilities, and have found that, when available to other disabled employees, the denial of accumulated sick leave to pregnant women violates the Act. *Anderson v. Upper Bucks County Area Vocational Technical School,* 30 Pa.Cmwlth. 103, 373 A.2d 126 (1977). At the time this motion was originally decided, the *Anderson* appeal was pending before the Pennsylvania Supreme Court. Although recognizing that *Gilbert* would not control that court's interpretation of its state statute, this Court still thought that it might influence its outcome, and that discretion counseled against this Court giving its opinion as to what it thought state law should be. Since then, the Pennsylvania Supreme Court declined review of the *Anderson* case and subsequent decisions by the Pennsylvania courts continue to follow *Anderson. See Board of School Directors of Fox Chapel Area School District v. Rossetti,* 36 Pa.Cmwlth. 105, 387 A.2d 957 (1978). There is no reason to expect that if plaintiffs took their state claim to state court that they would not be given relief in accordance with *Anderson* and therefore, this Court can no longer find that Pennsylvania law is sufficiently unclear as to require this Court to avoid decision on the state law issue.

Other factors, such as judicial economy, convenience, and fairness to litigants also favor exercising pendent jurisdiction. The facts are already before the Court. All that remains to be done to resolve the matter is apply the law, which does not appear difficult in light of the *Anderson* decision. Therefore, the Court finds no reason not to allow plaintiffs to amend their complaint to add a state cause of action. And, as the state claim arose out of the conduct set forth in the original pleading, under Rule

15(c) of the Federal Rules of Civil Procedure, the amendment relates back to the date of the original pleading. *Loudenslager v. Teeple*, 466 F.2d 249 (3d Cir. 1972).

*Motion for Summary Judgment*

### Title VII Claim

Although, in their most recent appearance in the Court of Appeals, plaintiffs raised a Title VII challenge to defendant's denial of sick pay during maternity-related absence, they have abandoned that claim at this stage. Nonetheless, claims under Title VII remain alive and are directed to all other aspects of the denial of sick leave benefits during pregnancy-related leave.

■ By denying plaintiffs benefits that employees on ordinary sick leave accrue, such as accumulation of seniority, sick leave and vacation time, defendants violated 42 U.S.C. § 2000e-2(a)(2), which provides, in part, that it shall be an unlawful employment practice for an employer

> "(2) to limit, segregate or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex . . . ."

Although the classification that defendant draws between employees on sick leave and those on maternity leave appears non-discriminatory on its face, distinguishing as it does only between pregnant women and non pregnant persons, *see General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401 (1976), the effect of the classification is to deprive women of employment opportunities and to adversely affect their status as employees because of their differing role, based upon the nature of their sex, in society. Men do not lag behind in their accumulation of seniority or lose the right to amass vacation and sick leave time or have their pension reduced because of pregnancy; women do. These ramifications of defendant's sick leave/maternity leave policies affect the individual's status as an employee and his or her employment opportunities. Although a complete review of the Supreme Court pregnancy cases is not necessary to determine that defendant's policy violates Title VII, attention to the instruction rendered in *Nashville Gas Co. v. Satty*, 434 U.S. 136, 98 S.Ct. 347 (1977), is appropriate. There the Court found that, although Title VII did not require an employer to confer greater economic benefits on one sex than another because of their differing roles in the reproduction process, 42 U.S.C. § 2000e-2(a)(2) forbade an employer from imposing substantial burdens on women who were pregnant that men did not bear. The Court of Appeals has held that "disparities in employment benefits accrued by employees on ordinary sick leave, as opposed to women on maternity leave 'impose substantial burdens on women "that men need not suffer." ' " *Zichy v. City of Philadelphia*, 590 F.2d at 507; *Eberts v. Westinghouse Electric Corp.*, 581 F.2d 357 (3d Cir. 1978). Based on this guidance from the higher courts, this Court finds that defendant's maternity-related leave policy, with the exception of its pay provision, violated Title VII. *See deLaurier v. San Diego Unified School District*, 588 F.2d 674, 684–85 (9th Cir. 1978); *Contra, Communication Workers v. Southwestern Bell Telephone Co.*, 455 F.Supp. 182 (E.D. Md.1978)

### Plaintiff's State Law Claim

■ As evident from the discussion of plaintiffs' motion to amend their complaint to add a state law claim, it appears that defendant's maternity leave policy, in all aspects, violated the Pennsylvania Human Relations Act, in that it accorded pregnancy different treatment from other long-term disabilities and did not allow pregnant women to use accumulated sick leave that other disabled employees were permitted to employ. *Anderson v. Upper Bucks County Area Vocational Technical School, supra. See also Board of School Directors of Fox Chapel v. Rossetti, supra; West Middlesex Area School District v. Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission*, 39 Pa.Cmwlth. 58, 394 A.2d 1301 (1978). Granting plaintiffs' motion for summary judgment on the state law issue is appropriate since no questions of fact remain and state law is clear.

Nevertheless, at this time, the Court believes that it should withhold final decision on this issue. Only today are plaintiffs being given leave to amend their complaint. Although defendant has responded to their motion for summary judgment as to both federal and state law claims, it has not had an opportunity to answer the amended complaint and raise any defenses it believes meritorious. Therefore, the Court will allow it ten (10) days from the filing of the amended complaint to do so, and to file any supplemental brief on the state law issue that it deems appropriate. If no reply is filed, summary judgment will be entered on this claim by subsequent order.