**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 25-1760

————————

ASHLEY POPA, individually and on behalf of all others similarly situated,
Appellant

v.

HARRIET CARTER GIFTS, INC., a Pennsylvania corporation; NAVISTONE, INC., a
Delaware corporation

————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:19-cv-00450)
District Judge: Hon. William S. Stickman, IV

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2026

Before: HARDIMAN, KRAUSE, and MASCOTT, Circuit Judges

(Filed: March 26, 2026)

————————

OPINION[*]

————————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Ashley Popa sued Harriet Carter Gifts, Inc. (HCG) and NaviStone, Inc. for alleged violations of the Pennsylvania Wiretapping and Electronic Surveillance Control Act. 18 Pa. Cons. Stat. §§ 5703–5782. After the case was removed from state court, the District Court granted HCG and NaviStone summary judgment. We vacated and remanded. *Popa v. Harriet Carter Gifts, Inc.* (*Popa I*), 52 F.4th 121, 133 (3d Cir. 2022). On remand, the District Court again granted summary judgment to both Defendants and Popa timely appealed.

While this appeal was pending, we addressed our Article III jurisdiction in a similar case, *Cook v. GameStop, Inc.*, 148 F.4th 153 (3d Cir. 2025). There, we held that a plaintiff who "moved her mouse, clicked links, typed in a search bar, and added a product to her 'cart,'" but "did not input any sensitive or personal information" did not suffer a sufficiently concrete injury-in-fact. *Id.* at 156, 162. Consistent with *GameStop*, we conclude—as Popa concedes—that she did not suffer a "cognizable Article III harm[]" sufficient to avail herself of federal jurisdiction. Popa Suppl. Br. 1. So we will vacate and remand with instructions for the District Court to remand the action to state court. *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994).

The parties do not dispute that we lack Article III jurisdiction under *GameStop*. Without a case or controversy, we would "exceed our power" under the Constitution if we reached the merits of this appeal. *GameStop*, 148 F.4th at 157; *see* U.S. Const. art. III, § 2. Because we lack jurisdiction, we "cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Although we lack jurisdiction, "a determination that there is no standing does not extinguish a removed state court case," so "we will direct that the case be remanded to [] state court." *Wheeler*, 22 F.3d at 540 (citation modified).

NaviStone asks us to reach the merits anyway. It argues that our perfunctory conclusion in *Popa I* that "we ha[d] jurisdiction under 28 U.S.C. § 1291" precludes us from examining the Article III jurisdictional question. 52 F.4th at 125 n.1. Even assuming the law-of-the-case doctrine applies,[2] we decline the invitation to exercise subject matter jurisdiction we do not have. *See Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 118 (3d Cir. 1997) (concluding "that the concerns implicated by the issue of standing . . . trump the prudential goals of [the law-of-the-case doctrine]"); *see*

---

[1] The District Court claimed jurisdiction under 28 U.S.C. § 1332(d)(2). We have jurisdiction to review its final orders under 28 U.S.C. § 1291. We also have jurisdiction to determine whether we have jurisdiction. *Jarbough v. Att'y Gen.*, 483 F.3d 184, 188 n.3 (3d Cir. 2007).

[2] *Popa I*'s statement of our appellate jurisdiction also applies here. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."). As we acknowledged in *GameStop*, "the issue of Article III standing was never analyzed" in *Popa I*. 148 F.4th at 157 n.3; *see also United States v. Stoerr*, 695 F.3d 271, 277 n.5 (3d Cir. 2012) (explaining that "bald jurisdictional statement[s]" have no precedential effect). So it's not clear that there *is* law of the case on the Article III issue.

*also Zichy v. City of Phila.*, 590 F.2d 503, 508 (3d Cir. 1979) (We have "a duty to apply a supervening rule of law . . . when the new legal rule is valid and applicable to the issues."). The law-of-the-case doctrine is "not a limit [on our] power," *Messenger v. Anderson*, 225 U.S. 436, 444 (1912), but Article III is.

We will therefore vacate the District Court's order granting summary judgment and then remand to the District Court with instructions for it to remand the action to state court. *See* 28 U.S.C. § 1447(c).