**Dorothy L. NOBLE, Plaintiff,**

v.

**John S. HERRINGTON, Defendant.**

**Civ. A. No. 85–1507.**

United States District Court,
District of Columbia.

Feb. 14, 1989.

OPINION OF CHARLES R. RICHEY
UNITED STATES DISTRICT JUDGE

CHARLES R. RICHEY, District Judge.

*Introduction*

Now before the Court is a petition filed by Steptoe & Johnson ("S & J") for attorneys' fees and costs arising out of its representation of plaintiff in the above-entitled suit. Upon consideration of Steptoe &

Johnson's petition, the supporting and opposing legal memoranda, the oral arguments by counsel, and the underlying law, the Court concludes that Steptoe & Johnson is entitled to $46,489.00 in attorneys' fees and $1,985.94 in costs.[1]

*Background*

The genesis of this suit is an administrative complaint that plaintiff, a former employee at the Department of Energy, filed on December 27, 1979, alleging that she received unfair and hostile treatment because of her sex. The Department of Energy rejected this complaint in a Notice of Proposed Disposition issued on August 21, 1981.

Thereafter, on October 6, 1981, plaintiff filed a second administrative complaint, this time alleging that she had been subjected to further discrimination and additional reprisal actions after filing her initial charges. By letter dated December 29, 1981, plaintiff was notified that the agency refused to hear her new complaint because it largely reiterated the earlier charges. She appealed this rejection to the EEOC Office of Review and Appeals. The EEOC found that the agency had erred in refusing to consider plaintiff's second complaint. Thereafter, the EEOC held extensive hearings on both of plaintiff's complaints during several days in December, 1982.

On July 18, 1984, the EEOC examiner issued a decision rejecting plaintiff's sex discrimination claim as well as her constructive discharge claim. The Examiner did, however, find that certain actions by plaintiff's co-workers were designed to coerce plaintiff into dropping her charges of discrimination, and these actions were tacitly approved by agency management. As such, the Examiner found for plaintiff on her retaliation claim and awarded her

$777.32 in attorneys' fees. The agency did not appeal that ruling.

After receiving the EEOC decision, plaintiff filed this suit *pro se.* Her complaint charged defendant with sex discrimination, reprisal, and constructively discharging her, all in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* Steptoe & Johnson entered the scene on August 27, 1985 when the Court appointed the firm to represent plaintiff. Amongst S & J's first tasks was the filing of an amended complaint on plaintiff's behalf.

On March 17, 1987, thirteen days before trial was to begin, S & J filed a motion for partial summary judgment on plaintiff's reprisal claim; S & J argued that the EEOC's determination of reprisal was binding on the agency in light of the agency's failure to appeal the decision. Since S & J did not file this motion until just before trial, the Court did not have an opportunity to consider the motion until after the trial's conclusion.

After trial, the Court granted plaintiff summary judgment on her reprisal claim; the Court, however, ruled in favor of defendant on plaintiff's remaining claims for sex discrimination and constructive discharge. *See Noble v. Herrington,* C.A. 85–1507 (D.D.C. Feb. 16, 1988).[2]

On April 12, 1988, S & J filed a petition for fees and expenses, in which it seeks $65,000 in fees and $17,000 in expenses. S & J arrives at a fee award in the sum of $65,000 by reducing the number of hours S & J lawyers and paralegals spent on the case from 2,500 to 2,100, billing those hours at the rates S & J attorneys would have billed paying clients at the time the services were rendered, and reducing that sum over 70 percent to account for the limited degree of success plaintiff achieved.

1. The Court notes that it did not consider S & J's costs associated with deposition transcripts and witnesses in calculating the costs to which S & J is entitled because S & J did not provide adequate explanation and documentation for these costs. The Court will give S & J the opportunity to provide the necessary documentation and ex-

planation for these costs and, if appropriate, the Court will make a supplemental award of costs to S & J.

2. The Court of Appeals for this Circuit summarily affirmed this decision on January 19, 1989.

### I. *Attorneys' Fees*

In many ways, Steptoe & Johnson's petition for attorneys' fees is simple. Defendant does not dispute that plaintiff was a prevailing party, and plaintiff accepts the reality that she prevailed only to a limited degree. Moreover, defendant does not question S & J's representations concerning the number of hours it spent on the case or the billing rate that S & J has employed in calculating its fees. The sole bone of contention is over the proper methodology for reducing the lodestar fee so as to account for plaintiff's limited degree of success.

■ There is "no precise formula" for adjusting a lodestar fee downward to account for a prevailing party's limited success; the Court must exercise its "equitable judgment" in making this discretionary determination. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). In general, the Court's method for making this adjustment will depend upon whether plaintiff's successful and unsuccessful claims involve "a common core of facts" or "related legal theories." *Id.* at 434–35, 103 S.Ct. at 1939–40. Where the facts and legal theories underlying various claims are interrelated, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435, 103 S.Ct. at 1940. As such, in those kinds of cases, the Court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Cases involving claims with unrelated facts and legal theories require a different focus; "unrelated claims [must] be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id.*

S & J maintains that "it is simply not possible to segregate cleanly" the tasks associated with each of plaintiff's claims because the suit presented "related legal theories" intertwined with the "common core of facts" concerning "[plaintiff's] work at, and departure from, DOE." [3] In sharp contrast, defendant argues that the reprisal claim on which plaintiff prevailed is segregable from the other claims that plaintiff brought. In particular, defendant relies on the fact that the reprisal claim, which was decided in plaintiff's favor on a motion for summary judgment, rested on a purely legal question, namely whether an unappealed EEOC decision in a federal employee's favor is entitled to enforcement in a subsequent lawsuit on the same claims. Defendant contends that this motion could have been filed any time after S & J's filing of the amended complaint because the facts supporting this motion came from the amended complaint, defendant's answer, the Hearing Examiner's decision, and a short affidavit submitted by plaintiff. Accordingly, defendant concludes that S & J's fee award should be confined to the fees S & J reasonably incurred in pursuing plaintiff's motion for summary judgment.

Applying the segregable claim approach to S & J's time entries, defendant concludes that S & J is entitled to $14,011.00 in attorneys' fees. In arriving at this figure, defendant credits S & J for one attorney's read-in time to the case, pre-complaint preparation and drafting, researching and drafting the motion for partial summary judgment, attendance at the pre-trial conference where the motion was argued, attendance at a conference in chambers where proposed relief was discussed, and researching and drafting plaintiff's brief on relief.[4]

At first blush, defendant's position concerning the applicability of the segregable claims analysis is extremely persuasive. The force of defendant's position, however, begins to crumble when one considers the real world conditions under which attorneys decide to file motions. Attorneys do not operate in a vacuum; their filing of motions is, more often than not, the product of several factors which include, but are not limited to, familiarization with the

---

**3.** *Petition for Fees and Expenses* at 11.

**4.** *Defendant's Opposition to Plaintiff's Petition for Fees and Expenses* at 11–12.

case as a whole,[5] planning overall case strategy, and client consultation.

In this case, it is hard to attribute to particular claims the hours that S & J attorneys spent familiarizing themselves with the case, conferring with plaintiff, or planning overall case strategy. This is because of the interconnectedness of plaintiff's claims. One of plaintiff's primary arguments was that defendant's alleged retaliation for plaintiff's filing of an administrative complaint resulted in an atmosphere that led to plaintiff's constructive discharge.

■ Despite the Court's recognition of the interrelation between plaintiff's various claims, the Court's recognition of this interrelation can only go so far. For instance, the Court cannot award S & J fees for gathering the evidence of retaliation offered by plaintiff at trial.[6] Contrary to S & J's assertion, this evidence did not contribute to plaintiff's success on her retaliation claim as that claim was ultimately decided on a motion for summary judgment.

In light of the Court's recognition that some interconnection exists between plaintiff's claims for retaliation, sex discrimination, and constructive discharge, the Court will decline to adopt the segregable claims approach and will instead determine S & J's fee award by examining plaintiff's overall degree of success in the case. At least one court, awarding fees on the basis of a plaintiff's overall degree of success, has reduced the lodestar fee so as to correspond to plaintiff's success ratio on her various claims. *See Thompson v. International Association of Machinists and Aerospace Workers*, 664 F.Supp. 578, 583 (D.D.C.1987). The problem with such an approach, at least in this case, is that it does not take into account, in a satisfactory manner, the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940.

■ Prior to the filing of this suit, plaintiff had received an EEOC determination that the agency had retaliated against her for filing an administrative complaint alleging discrimination. Through plaintiff's filing of this suit, the Court put to rest the agency's doubt as to the binding nature of the EEOC's determination. The practical effect of the Court's decision, however, represented a very small victory for plaintiff. In fashioning a remedy for the retaliation of which plaintiff was a victim, the Court was restricted because the usual Title VII remedies of back pay and reinstatement were inappropriate as plaintiff had sustained no economic loss, and she had no desire to return to her job at the agency. Moreover, damages were not a viable alternative since a court may only award equitable remedies in a Title VII case.

■ The relief obtained by plaintiff was limited to establishing a training and counseling program for supervisors and managers at the agency to prevent retaliatory actions from being taken in the future against employees who file discrimination complaints; placing all grievances filed against plaintiff under seal; and expunging from plaintiff's record any reference to matters that formed the basis for the administrative finding of retaliation. In light of plaintiff's extremely limited victory, the Court concludes that it is appropriate to reduce S & J's lodestar fee by 80%, which results in a fee award of $46,489.00.

## II. Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be al-

---

5. In order to familiarize themselves with plaintiff's case, S & J attorneys had to review a voluminous administrative record.

6. To support its position concerning the interrelation of her three claims, S & J asserts in its fees petition:
   Virtually every deponent was asked about the childish retaliation against Ms. Noble by her co-workers. At trial, the government present-

ed witnesses who contended that these "tricks" played on Ms. Noble were illusory or just good wholesome fun. Ms. Noble was cross-examined to the same effect. The time spent by Steptoe & Johnson on all these things contributed to the ultimate success of Ms. Noble's retaliation claim.
   *Reply to Defendant's Opposition to Petition for Fees and Expenses* at 9.

lowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law." Although there is no dispute that plaintiff is a prevailing party and is, therefore, entitled to recover costs; plaintiff's limited degree of success raises the question of whether her attorneys should be reimbursed for all of the costs they incurred during their representation of plaintiff in this suit.

■ S & J contends that "[j]ust as there is no case that increases expense reimbursement because of exceptional success or great risk, there should not be a general reduction of expense reimbursement because of limited success."[7] This argument is interesting and thought-provoking; however, it is unsupported by case law. There is authority in this Circuit and in other jurisdictions for reducing costs so as to accord with a party's overall degree of success in a lawsuit. *See, e.g., Quaker Action Group v. Andrus,* 559 F.2d 716, 719 (D.C.Cir.1977); *Thompson v. International Association of Machinists and Aerospace Workers,* 664 F.Supp. 578, 584 (D.D.C.1987); *EEOC v. Colgate-Palmolive Co.,* 617 F.Supp. 843, 844 (S.D.N.Y.1985); *Vaughns v. Board of Education,* 627 F.Supp. 837, 844 (D.Md.1986). Since the Court concluded that plaintiff's overall degree of success in this suit entitled S & J to a fee award that was equal to twenty percent of its lodestar fee, the Court will likewise conclude that S & J is entitled to recover twenty percent of the expenses it incurred in the course of its representation of plaintiff.

Before the Court can reduce S & J's expenses by twenty percent, it is first necessary to examine the specific items that S & J lists as costs incurred. As a starting point, it is first necessary to compare the list of expenses submitted by S & J against 28 U.S.C. § 1920 [8], the statute enumerating those costs that are recoverable by a prevailing party in litigation. The costs listed in this provision do not, however, provide an exhaustive list of the costs recoverable by a prevailing party in a Title VII suit. This is because Title VII also contains a provision authorizing an award of costs to a prevailing party. 42 U.S.C. § 2000e–5(k). Title VII's provision on costs has been construed as a supplemental power conferred upon courts "to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services." *Laffey v. Northwest Airlines,* 572 F.Supp. 354, 385 (D.D.C.1983), *aff'd in pertinent part,* 746 F.2d 4 (D.C. Cir.), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1984), *reversed on other grounds, Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F.2d 1516 (D.C.Cir.1988) (en banc); *see also Mennor v. Fort Hood National Bank,* 829 F.2d 553, 557 (5th Cir.1987).

Steptoe & Johnson is seeking expenses in the amount of $17,247.37. These expenses include duplicating and supplies, telephone, postage, federal express, local transportation, court costs, messengers, meals, information retrieval, secretarial and word processing overtime, experts' fees, witness and service fees, and deposition transcripts.

■ Before reducing S & J's expenses to accord with plaintiff's degree of success, the Court must eliminate from S & J's list the cost of secretarial overtime. Overtime for support staff is an "exceptional expenditure and require[s] some justification before [it] can be assessed against the losing party." *Laffey v. Northwest Airlines,* 572

---

7. *Petition for Fees and Expenses* at 12–13.

8. This statutory provision provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; ....

F.Supp. at 385. Because S & J has provided the Court with no justification for overtime, the Court will eliminate it from S & J's list of costs.

■ Without further explanation and documentation, the Court cannot award S & J any compensation for its witness fees or the deposition transcripts that it had made. First, the standard for awarding costs associated with making transcriptions of testimony is that the transcripts were "necessarily obtained for use in the case" 28 U.S.C. § 1920(2); S & J has made no such showing. Second, the amount of fees a prevailing party can recover for witnesses, unless the witnesses are court-appointed, is $30.00 per day absent explicit statutory or contractual authority to the contrary. 28 U.S.C. §§ 1920, 1821; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Accordingly, the Court will not award S & J any of the expenses it incurred for witnesses and deposition transcripts unless it can offer the proper documentation. The Court concludes that S & J is entitled to $1,842.84 in expenses, which does not take into account any additional amount that S & J may be entitled to recover for deposition transcripts and witness fees if it can offer the appropriate explanation and documentation for these expenses.

### Conclusion

The Court would like to take this opportunity to express its appreciation to Steptoe & Johnson for its extremely able and highly professional representation of plaintiff. Plaintiff was very fortunate to have attorneys who persevered so vigorously on her behalf. The Court regrets that it must base its award of attorneys' fees solely on plaintiff's degree of success, and cannot take into account the extraordinary skill and devotion Steptoe & Johnson displayed throughout its representation of plaintiff.

The Court will issue an Order of even date herewith memorializing these findings.

### ORDER

In accordance with the Court's Opinion of even date herewith, it is, by the Court, this 13th day of February, 1989,

ORDERED that Steptoe & Johnson's petition for attorneys' fees and expenses shall be, and hereby is, granted in the amount of $48,474.94; and it is

FURTHER ORDERED that Steptoe & Johnson may file on or before 4:00 p.m. on March 1, 1989 additional documentation and explanation for its expenses associated with witnesses and deposition transcripts consistent with the guidelines set forth in the Court's Opinion.