Benjamin NISSIM, Plaintiff,

v.

**McNEIL CONSUMER PRODUCTS COMPANY, INC., Defendant.**

Civil Action No. 95–3211.

United States District Court,
E.D. Pennsylvania.

March 17, 1997.

11. Accordingly, the plaintiff's alternative motion and argument for a new trial is rejected.

Gerald J. Williams, Williams and Cuker, Philadelphia, PA, Stephen S. Pennington, Center for Disability Law and Policy, Philadelphia, PA, Elizabeth A. Hillig, Jeffrey M. Daitz, Williams and Cuker, Philadelphia, PA, for Plaintiff.

Anita B. Weinstein, Jeffrey Ivan Pasek, Cozen and O'Connor, Philadelphia, PA, for Defendant.

### ORDER

LOWELL A. REED, Jr., District Judge.

 AND NOW, on this 17th day of March, 1997, upon consideration of the motion of plaintiff Benjamin Nissim ("plaintiff") for attorneys' fees and litigation costs (Document No. 77),[1] and response of defendant McNeil Consumer Products Company, Inc. ("defendant") thereto, and having made the following facts and conclusions of law:

1. Plaintiff sought damages [2] from defendant for alleged discrimination in employment on account of race, religion, or national origin and for retaliatory discharge under Title VII. The case of plaintiff was tried before a jury from December 2, 1996 through December 6, 1996. On December 9, 1996, the jury returned a verdict in favor of defendant on the claim for discrimination and in favor of plaintiff on the claim for retaliatory discharge. However, the jury found that plaintiff suffered no damages caused by the retaliatory discharge, and thus did not award plaintiff any back pay or compensatory damages. In a Memorandum and Order dated January 14,

---

1. A district court retains jurisdiction to determine attorneys' fees while an appeal is pending. *Venen v. Sweet*, 758 F.2d 117, 120 n. 2 (3d Cir.1985).

2. Specifically, plaintiff requested in his Complaint that this Court award the following relief: back pay and benefits from the date of his termination, reinstatement, other pecuniary losses as proven, including appropriate awards of front pay, compensatory damages, punitive damages, costs of this action, including reasonable attorney's fees, and other such relief that this Court may deem proper. Complaint ¶ 23(A)–(G). The jury verdict form, to which plaintiff made no formal objection, included awards for back-pay and compensatory damages only. *See* Verdict Form at 2 (Document No. 73).

1997, this Court denied the motion of plaintiff to amend or to have a new trial;[3]

2. Title VII allows for an award of attorneys' fees to the "prevailing party." 42 U.S.C. § 2000e–5(k) (1988).[4] Under Title VII, a civil rights plaintiff is a prevailing party "[i]f [the plaintiff] succeed[s] on any significant issue in litigation which achieve[d] some of the benefit [the plaintiff] sought in bringing the suit." *Farrar v. Hobby*, 506 U.S. 193 [103], 109 [113 S.Ct. 566, 572, 121 L.Ed.2d 494] (1992) (internal quotations omitted).[5] The Supreme Court further elaborated in *Farrar* that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111–12 [113 S.Ct. at 573]; *see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 [109 S.Ct. 1486, 1494, 103 L.Ed.2d 866] (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote....");

3. In the case *sub judice*, the jury returned a verdict finding that plaintiff suffered no damages caused by his unlawful termination and, consequently, the jury did not award back-pay or compensatory damages. Plaintiff did not obtain any of the damages he originally requested in his Complaint or any of the damages included in the jury verdict form. Therefore, I find that the relationship between the plaintiff and the defendant was not altered and defendant did not have to modify its behavior in any way as a consequence of the verdict. *See Farrar*, 506 U.S. at 113 [113 S.Ct. at 574] ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount he otherwise would not pay.").

Plaintiff cites to *Snell v. Reno Hilton Resort*, which involved a mixed motive Title VII action.[6] 930 F.Supp. 1428 (D.Nev. 1996). In *Snell*, the jury found that defendant discriminated against plaintiff, but because it also concluded that the adverse employment actions would have occurred even absent the unlawful discrimination, plaintiff was not entitled to damages or back as a matter of law. *Id.* at 1431. Characterizing the plaintiff as the "prevailing party," the court reasoned that, although "[p]laintiff's success is nothing more than the satisfaction of having her belief that she was the victim of illegal employment discrimination validated by the jury's verdict," the congressional intent behind Title VII is to allow plaintiffs who have established a mixed motive recovery of attorney's fees, and thus, an award of attorney's fees was appropriate. *Id.* at 1431–32. I decline to follow the reasoning of the *Snell* court in light of the clear

---

3. Plaintiff filed a notice of appeal on January 28, 1997 (Document No. 86) of this Court's Order of January 14, 1997.

4. The relevant statute provides:

In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee (including expert fees) as part of the costs....

42 U.S.C. § 2000e–5(k) (Supp.1993).

5. In *Farrar*, the Supreme Court dealt not with 42 U.S.C. § 2000e–5(k), but with the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Congress intended that § 2000e–5(k) and § 1988 follow similar standards. *See* S.Rep. No. 1011, 94th Cong., 2d Sess. 3–4, *reprinted in* 1976 U.S.C.C.A.N. 5908, 5912; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); *Common-*

*wealth v. Flaherty*, 40 F.3d 57, 60–61 (3d Cir. 1994); *Sullivan v. Pennsylvania Dep't of Labor and Indus.*, 663 F.2d 443, 447 n. 5 (3d Cir.1981) (stating that cases interpreting 42 U.S.C. § 1988 can be applied to Title VII as well), *cert. denied*, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982).

6. The cases on which plaintiff also relies, *Stewart v. Weis Markets, Inc.*, 890 F.Supp. 382 (M.D.Pa. 1995), and *Noble v. Herrington*, 732 F.Supp. 114 (D.D.C.1989), can be distinguished. The plaintiff in *Stewart*, unlike in the case *sub judice*, was awarded compensatory damages under her state law claim for sexual harassment. *Stewart*, 890 F.Supp. at 396. In *Noble*, although there is no mention whether the plaintiff was awarded any damages, the defendant did not dispute that plaintiff was a prevailing party, unlike the defendant in the case at bar. *Noble*, 732 F.Supp. at 115–16.

direction of the Supreme Court in *Farrar.* "[A] judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." *Farrar,* 506 U.S. at 112–13 [113 S.Ct. at 573–74] (quoting *Hewitt v. Helms,* 482 U.S. 755, 762 [107 S.Ct. 2672, 2676–77, 96 L.Ed.2d 654] (1987)). In addition, unlike in *Snell,* the case before the Court does not involve a mixed motive inquiry;

4. I conclude that, because the legal relationship between plaintiff and defendant was not altered in any material way by the jury verdict, plaintiff is not a prevailing party within the meaning of 42 U.S.C. § 2000e–5(k),

it is accordingly hereby **ORDERED** that the motion of plaintiff for attorneys' fees is

**DENIED WITHOUT PREJUDICE.**[7]

---

7. Should the Court of Appeals of the Third Circuit render a ruling in favor of plaintiff on plaintiff's appeal of this Court's Order of January 14, 1997, plaintiff may then file an appropriate motion for attorneys' fees with this Court.